NO. 07-00-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 1, 2001

______________________________

ROBERT GEORGE BUDD, JR.,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 7999; HON. WILLIAM D. SMITH, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Robert George Budd, Jr. (appellant) appeals his felony conviction for driving while intoxicated.  His sole issue concerns the legal and factual sufficiency of the evidence underlying the jury’s verdict of guilty.  In short, appellant contends that the State failed to prove that he was intoxicated at the time he was driving the vehicle.  We affirm.

Standard of Review

The standard of review utilized in determining if the verdict enjoys legally and factually sufficient evidentiary support is well-settled and need not be repeated.  Instead, we refer the parties to 
King v. State, 
29 S.W.3d 556, 563 (Tex. Crim. App. 2000) for an explanation of same.  

Application of Standard

The record before us contains the following evidence.  Appellant and his girlfriend, Nacola Kay Harper (Nicki), went to a bar in Borger, Texas in June of 1996.  The record shows that they arrived somewhere between 7:30 p.m. and 8:00 p.m. and that appellant drove them in his truck.  While at the establishment, appellant consumed three to four “draw” beers.  Around 9:00 p.m., however, the bartender refused to serve him anymore.  This upset appellant and he proceeded to accuse Nicki of influencing the bartender’s decision.  So too did he yell at her.  Furthermore, Nicki testified that she believed appellant was intoxicated because he was stuttering more than usual.  Though appellant stuttered when sober, he stuttered more after he drank alcohol, according to Nicki.  

Thereafter, appellant left the bar and went to Nicki’s home.  When Nicki arrived at her abode around 10:00 p.m., she found appellant asleep in the bed.  Furthermore, his pants looked as if he had urinated in them.  Nicki then asked appellant to leave, and he refused to do so.  Finally, she called the police, and they arrived around 10:15 p.m.  

Officer Jerome Ingle (Ingle) testified that when he entered the bedroom he had to wake appellant and ask him to get dressed.  According to the officer, appellant appeared intoxicated based on the strong smell of alcohol coming from his body and his slurred speech.  So too did he appear “disoriented from alcohol.”  Appellant advised the officer that he had been drinking.  Eventually, appellant was persuaded to leave the house and stay with a friend, B.T. Chitwood, who lived nearby.  Furthermore, Ingle walked appellant to B.T.’s home.  While on the journey, appellant needed assistance.  He not only wobbled but also began to fall down an incline.  Once the two arrived at B.T.’s home, Ingle advised appellant to stay there because he had “had too much to drink and that he needed to sleep it off.” Appellant replied with “okay” or “I understand.” 

Approximately ten minutes later, Ingle received a dispatch indicating that appellant returned to Nicki’s house, entered his truck, and drove away.  The officer soon found appellant driving with his headlights off down a street close to B.T.’s house.  At that point, the officer pulled behind appellant and activated his emergency lights.  Appellant then made a wide left turn from the “far right lane” and stopped by B.T.’s house.  Thereafter, Ingle administered the horizontal gaze nystagmus test which resulted in appellant evincing six clues indicative of intoxication.  When asked if he would undergo further sobriety testing, appellant refused.   

From the foregoing evidence, a rational jury could conclude, beyond reasonable doubt, that appellant lost the normal use of his mental and physical faculties due to the ingestion of alcohol.  And, though other evidence exists which could be construed as contradicting the jury’s verdict, it was not of a quantum sufficient to render the verdict clearly wrong or manifestly unjust.  Consequently, the jury’s verdict enjoys both legally and factually sufficient evidentiary support. 

We overrule appellant’s contentions and affirm the judgment.

Brian Quinn

   Justice

Do not publish.